# MONALOKOS *v.* UNITED STATES.

---

CRIMINAL LAW; RAPE; ASSAULT; EVIDENCE; INTENT.

1. On an appeal by the accused from a judgment of conviction in a prosecution for an assault with intent to commit rape, the evidence of the acts of the accused with respect of the prosecutrix, reviewed, and *held* sufficient to go to the jury on the questions of assault and intent.

2. The error, if any, in refusing a requested instruction relating to the testimony of a minor prosecutrix in a trial for assault with intent to rape, which tells the jury that it should weigh the testimony of children of immature age carefully, as "they are easily led to believe that things others in authority over them say are true," is cured by an instruction that the testimony of a child of tender years is always to be weighed with caution and tested in all possible ways by the other evidence and circumstances in the case, and that, while the law does not say that a defendant may not be convicted on the uncorroborated story of one witness, even a child, in such a case, the jury should weigh the evidence with great caution.

3. Exceptions to remarks of prosecuting attorney *held* without merit.

No. 2541.   Submitted October 7, 1913.   Decided November 3, 1913.

HEARING on an appeal by the defendant from a judgment of

the Supreme Court of the District of Columbia convicting him of assault with intent to commit rape. *Affirmed.*

The COURT in the opinion stated the facts as follows:

. This is an appeal from a judgment convicting appellant, William Monalokos, and sentencing him to imprisonment in the penitentiary, of an assault with intent to ravish one Margaret A. Brown.

The indictment contained two counts; one charging rape, and the second an assault upon the said Margaret A. Brown with the intent to ravish and carnally know her, forcibly and against her will. .

The mother of Margaret A. Brown testified that on August 18, 1912, she sent the said Margaret, who was then a child seven years of age, to procure some ginger ale. When the girl returned with the ale witness discovered that it was not from the shop to which she had been sent, but from that of defendant. Four or five days afterwards she discovered a soreness of the girl's parts, and treated her for chafing, using talcum powder. The girl not improving, she had her examined by a physician, and then, about two weeks from August 18, took her to the Casualty Hospital for examination. On the same day she made a complaint against the defendant at the police station.

Margaret A. Brown testified that she had been sent by her mother to buy two bottles of ginger ale. Instead of going to the Sanitary Grocery, as directed, she purchased the articles from defendant. That as she was leaving, the defendant dragged her inside, and asked if her father and mother were living. She told him that her father was dead. He took her into a dining room, put her upon a table, took down her "paddies," and "put his dick in her." He said if she hollered he would tie her up with a piece of rope; and not to tell her mamma. Cross-examined she said that he called her "into the back room; that she walked in with him; that (it) was after he had put her on the table and while she was lying down that he said he would tie her with a rope; that she did not cry, or make any noise; that she did

not call out; that she did not fight with him or resist him; that she did not say anything to mamma or anybody else about it that day because she was afraid; that she had talked the matter over with her mamma once."

Testimony of physician tended to show that the girl had inflammation of the privates. The discharge, examined with a microscope, showed gonococci, a positive sign of gonorrhea. The disease may be communicated by rubbing against the parts; is easily transmitted; may be caused by the handling of a person infected with it.

The jury having been sent out of the room, the government proposed to offer evidence to show that when defendant was examined at the Casualty Hospital, specimens taken from his privates showed gonococci. The court sustained defendant's objection to this evidence, and it was not offered to the jury.

Defendant offered evidence tending to show that there should have been some laceration if the girl had been assaulted in the manner and under the circumstances described by her. That there was no dining room in the store and no table in the back room. That the defendant had a good reputation for morality and decency.

The government abandoned the charge in the first count, and the jury found him guilty as charged in the second.

*Mr. Soterios Nicholson, Mr. Edward F. Colladay,* and *Mr. Matthew E. O'Brien* for the appellant.

*Mr. Clarence R. Wilson,* United States District Attorney, *Mr. John Lewis Smith* and *Mr. S. McComas Hawkin,* Assistants, for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The offense of rape as defined in the Code is: "Whoever has carnal knowledge of a female forcibly and against her will, or carnally knows and abuses a female child under six-

teen years of age, shall," etc. Sec. 808 [31 Stat. at L. 1322, chap. 854]. An assault with intent to commit rape is punishable under sec. 803.

The indictment, it will be observed, did not charge the age of the child assaulted, but that the offense was with intent to have carnal knowledge forcibly and against the will of the person assaulted.

The first three assignments of error relied on (2, 3, and 4) are that the court erred in overruling a motion to direct a verdict for defendant on the ground of variance between the allegation and proof; in holding that it was proper to permit the case to go to the jury on the evidence offered by the government; and that the evidence justified a verdict.

These are founded on exceptions taken before the defendant offered evidence.

The argument in support of the exceptions proceeds upon the assumption that there was no assault proved, and that, having alleged force and want of consent, both must be proved.

The assumption is not supported by the record. The court did not permit the jury to find that force was not necessary because the child was under the age of consent; and it is not necessary to determine whether under an indictment charging an assault to carnally know a female with force and without her consent, which does not charge her age as being under the age of consent, a conviction can be had without proving force and want of consent as a fact.

The court charged the jury that there must be an assault, and that it was made with the intent to have carnal knowledge of the female; both should be proved beyond a reasonable doubt.

He said: "If the defendant took the girl, put her upon the table, and took down her 'paddies,' and exposed her person, that would be an assault. The next question would be whether it was with the intent charged; that is, to have carnal knowledge of her. Now carnal knowledge implies penetration of the female organ by the male organ to some extent. And the question is not whether he did puncture, because the evidence

shows that he did not, as the government admits; but whether, when he made the assault, if he made it, he made it with intent to have carnal knowledge of the child, as far as her condition of age would permit; whether that was the intent with which he made the assault upon her; and if the evidence satisfies you beyond a reasonable doubt that that was the intent with which he made the assault at the time, then that element is proved.

"However much he may have failed to accomplish that purpose, and for whatever reason he may have failed,—whether it was because he could not, or because he abandoned it, or because satisfied before he got to that point, or whatever the reason may have been,—if, when he made the assault, it was with that intent, then the crime is made out. And, of course, you have to decide that question from all the circumstances in the case, all the evidence in the case that bears upon the question of the intent he had when he made the assault; but, of course, that is assuming you find, beyond a reasonable doubt, from the evidence, that he made the assault. It is claimed here that he did not make the assault, did not make any assault at all; and you will not reach the question which I have just been speaking of unless you do become satisfied beyond a reasonable doubt, from the evidence in the case, that he did make an assault upon her."

The charge of the court was applicable to the evidence, and fairly submitted the question of assault and intent to the jury.

The fifth assignment of error is on the refusal of the following instruction requested by the defendant: "6. That they should weigh the testimony of children of immature age carefully; that they are easily led to believe that things others in authority over them say are true."

The error, if any was committed in the refusal of this instruction, was cured by the following paragraph of the charge: "I am asked to say something to you with reference to the testimony of the child. Of course, she is of tender years, and the testimony of a child of those years ought always to be weighed with caution, and tested in all possible ways by the other evi-

dence and circumstances and facts in the case. The law does not say that a defendant may not be convicted on the uncorroborated story of one witness, even a child, in such case as this; but it is the law that you ought to consider such evidence with great caution. I need not call your attention to the reasons why the testimony of a child ought to be weighed more cautiously than the testimony of an older person, admitting the other circumstances to be the same. You will have those in mind."

The sixth, seventh, and eighth assignments are founded on exceptions taken to certain remarks of the prosecuting attorney in the opening statement, and in the argument before the jury. Having considered these as set out in the bill of exceptions, we find no error in the refusal of defendant's motion to discharge the jury and continue the case for trial before another. It is unnecessary to consume time with a recital of the remarks excepted to, and the rulings of the court. The exceptions are without merit. The case was fairly submitted to the jury; and the judgment is affirmed.                            *Affirmed.*